# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY D. TOLSON | § | |
| | § | |
| V. | § | A-19-CV-1178-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1), Respondent's Answer (Document 9), and Petitioner's reply (Document 11). Petitioner, proceeding pro se, has paid the full filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

### A.     Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to judgments and sentences of the 277th Judicial District Court of Williamson County, Texas, in cause number 09-074-K277. In that cause, Petitioner was charged by indictment with three counts of aggravated sexual assault of C.H., a child under 14 years of age; four counts of aggravated sexual assault of J.S.,

a child under 14 years of age; six counts of indecency with C.H., a child under 17 years of age; and four counts of indecency with J.S., a child under 17 years of age. ECF #10-1 at 39. Pursuant to a plea bargain agreement in which the State agreed to dismiss Counts 2, 3, and 5-17, Petitioner pleaded guilty to counts 1 and 4, aggravated sexual assault of a child under 14 years of age. ECF #10-1 at 20-23. Pursuant to the plea bargain agreement, on September 17, 2009, the trial court sentenced Petitioner to 30 years in prison on each count and ordered the sentences to run concurrently. ECF #10-1 at 24-29. Petitioner waived his right to appeal. ECF # 10-1 at 18-19.

Petitioner challenged his convictions in two state applications for habeas corpus relief. Petitioner executed his applications on October 15, 2018. ECF #10-9 at 47; ECF #10-23 at 47. The Texas Court of Criminal Appeals denied them without written order on the findings of the trial court without a hearing on June 19, 2019. Ex parte Tolson, Appl. Nos. 89,819-01 and -02; ECF #10-21 at 1; ECF #10-34 at 1.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. [H]e suffered egregious harm by fundamental error caused by a judicial defect, violating his 5th, 6th, and 14th Constitutional Amendments," based upon trial counsel's actions prior to trial and the trial court having "den[ied] counsel from filing any pretrial motion for disclosure, to quash, ect [sic]";

2. He was denied effective assistance of counsel based on three grounds of pretrial actions;

3. He was denied effective assistance of counsel due to a conflict of interest, where counsel tried to shift the blame to Petitioner that he somehow waived his right to a pretrial hearing after the fact, and there is no waiver that exists that shows Petitioner waived his right to a pretrial hearing that is specific and Petitioner knew the consequence of that waiver;

2

4. He was denied effective assistance of counsel when he was denied counsel by actions by the State;

5. He was denied his right to a fair trial in front of a fair tribunal that is unbiased and disinterested;

6. He was denied a knowing, voluntary, and intelligent plea under the Due Process Clause;

7. He was denied effective assistance of counsel at a critical state of trial;

8. He was denied effective assistance of counsel when counsel failed to entirely subject the prosecution's case to adversarial testing; and

9. The State prevented a motion to quash the indictment, and allowing the indictment to stand would be a manifest injustice.

## II. DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on October 19, 2009,[1] at the conclusion of time during which he could have appealed his conviction. See TEX. R. APP. P. 26.2(a). Therefore, Petitioner had until October 19, 2010, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until November 27, 2019, more than nine years after the limitations period expired.

Petitioner asserts his application is timely filed because he was given an out-of-time appeal on September 19, 2017. He contends the limitations period began to run when mandate issued on May 29, 2018. He further contends his state applications for habeas corpus relief tolled the limitations period.

Contrary to Petitioner's assertion, his late appeal did not restart the limitations period. Petitioner's appeal was not of his convictions. Instead, his appeal was related to miscellaneous motions he filed in 2017, after the limitations period had already expired. The Third Court of Appeals dismissed the appeal for want of jurisdiction. ECF #10-6 at 1-3.

Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner also is not entitled to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his

---

[1] October 17, 2009, fell on a Saturday.

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed

5

to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted and Petitioner did not act with diligence. In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

The undersigned recommends that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

**SIGNED** on April 10, 2020.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE